PER CURIAM.
Appellant, Marvin Slocum, appeals his convictions and sentences for possession of cocaine and possession of drug paraphernalia and raises five issues, only one of which merits discussion. Appellant argues that the trial court erred in allowing the State to introduce evidence concerning the cash found in his bedroom because the evidence was not relevant to any issue at trial. The State properly concedes on appeal that it was error to introduce the evidence of the cash. See., e.g., Brunson v. State, 31 So.Bd 926, 929 (Fla. 1st DCA 2010) (“Florida ease law establishes cash found on a defendant is irrelevant to prove a possession of contraband charge.”). However, the State argues that the error was harmless. The harmless error test places the burden on the State, as the beneficiary of the error, to prove beyond a reasonable doubt that the error did not contribute to the verdict and requires an examination of the entire record. See State v. DiGuilio, 491 So.2d 1129, 1138 (Fla. 1986). After a close examination of the record, we cannot conclude that the State has met this standard. Accordingly, we reverse and remand for a new trial.
REVERSED and REMANDED for a new trial.
ROBERTS, C.J., LEWIS, and WINSOR, JJ., CONCUR.